OLINER et al. v. GOLDENBERG et al.

(Supreme Court, Appellate Term, First Department.  March 17, 1915.)

1. BILLS AND NOTES ⬳489—ACTION—ISSUES AND EVIDENCE.

   In a suit on a check, made to the order of one of defendants and cashed by plaintiff, against the maker, who had subsequently stopped payment, and who interpleaded the employer of the payee and paid the fund into court, in which a supplementary complaint against such employer sought an adjudication that the fund belonged to the plaintiff, and where the employer answered that the money represented by the check had been converted from him by the payee and sought an adjudication of ownership, the employer's deposition relating to the embezzlement was admissible.

   [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1587–1642; Dec. Dig. ⬳489.]

2. APPEAL AND ERROR ⬳1178—MISAPPREHENSION OF PLEADINGS AND ISSUES —NEW TRIAL.

   In such suit, a trial in part as though the issue presented was controlled by the law affecting negotiable instruments, and as involving the issue as to whether the holder of the check was a holder in due course, was a misapprehension of the issue of ownership of the fund, so that there could not have been a fair trial, and a new trial would be granted.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4604–4620; Dec. Dig. ⬳1178.]

Appeal from City Court of New York.

Action by Saul Oliner and others against Benjamin Goldenberg and another, in which Herman Gronich and Isaac Gronich, doing business as Herman Gronich & Co., were impleaded.  Judgment of the City Court for defendants was affirmed, and plaintiffs apply for reargument, or for leave to go to the Appellate Division.  Reversed, and new trial granted.

Argued January term, 1915, before GUY, BIJUR, and GAVEGAN, JJ.

Lind & Pfeiffer, of New York City (Alfred D. Lind, Alexander Pfeiffer, and Max Frank, all of New York City, of counsel), for appellants.  Morris Cukor, of New York City, for respondents.

BIJUR, J.  Plaintiffs originally sued as holders of a check for $1,-785.62, dated March 17, 1913, made by Knauth, Nachod & Kuhne to the order of "Benjamin Goldenberg, S. S. Pretoria, Ellis Island." Goldenberg indorsed it to one Nussbaum, and Nussbaum on the same day brought and indorsed it to plaintiffs, who are brokers.  Plaintiffs cashed the check and put it through their bank.  Meanwhile Knauth, Nachod & Kuhne, had stopped payment, on the ground that they had been notified, subsequent to the time when plaintiffs cashed the check, that Goldenberg had stolen this money from his employers, Gronich & Co. in Austria.  Plaintiffs then sued Knauth, Nachod & Kuhne on the check.  Thereupon Knauth, Nachod & Kuhne sought and obtained an order of interpleader whereby the two Gronichs were substituted as defendants in their place.  Knauth, Nachod & Kuhne were permitted to pay into court the amount of the check, and were, on such payment, discharged from all further liability.  Thereafter a supple-

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

mentary complaint was served upon the Gronichs, pursuant to the order. The complaint recites the mailing and cashing of the check, the interpleader, and the deposit of the money by Knauth, Nachod & Kuhne. Its first demand of judgment reads:

"That this court adjudicate that the fund deposited * * * is properly the fund of the plaintiffs."

The substituted defendants, the Gronichs, served their "amended answer," which, inter alia, recites:

"(5) That the $1,785.62, mentioned in said supplemental complaint and represented by the check therein described, was and is a part of said. moneys * * * converted * * * by the said Benjamin Goldenberg."

The prayer for judgment in the answer is:

"That this court adjudge that the fund deposited * * * is the property of Herman Gronich and Isaac Gronich."

Notwithstanding this condition of the pleadings, it seems plain from the record, the briefs of counsel, and the arguments that have taken place before us, that the case was tried at least in part as though the issue presented were one to be governed primarily by the law affecting negotiable instruments.

At the outset of the trial, it was stipulated that the court should first try out the issue whether the Oliners were holders of the check in due course, and that, if the finding be that they were not, a subsequent date should be set to hear evidence as to the embezzlement of the fund, such evidence to consist of depositions which had not yet arrived from Austria. While the suggestion to determine first whether the Oliners were holders of the check in due course might have been a practical one, because the only circumstances upon which could be predicated constructive notice to the plaintiffs concerning the irregularity of the transaction and the theft of the fund were those surrounding plaintiffs' acquisition of the check, nevertheless that does not seem to have been the purpose of the parties, nor the understanding of the learned court below, because, at the close of the hearing concerning the check, the judge declared that there should be a judgment for the defendants.

[1] At a subsequent hearing, further evidence on behalf of plaintiffs was given, and defendants' counsel then offered the depositions from abroad. To these plaintiffs' counsel interposed the "omnibus objection" that the testimony on the question whether the fund deposited had been embezzled, was "incompetent, irrelevant, and immaterial, and not binding upon the plaintiffs," although, as I have shown above, under the pleadings, properly interpreted, that objection was utterly inappropriate, because the question of the embezzlement was one of the most material points at issue.

[2] Again, even on the argument of this appeal, there was an extensive discussion of the point that when the Oliners acquired the check there was no infirmity in the instrument itself. This point, however, while highly important, had the action been upon the instrument alone, is practically without significance in the determination of the just ownership of the fund in court. It may be that the record contains sufficient evidence to sustain the finding that the circumstances

where such as to have put the Oliners upon notice and inquiry, and that reasonable inquiry would have developed the fact that Goldenberg, the payee, was then detained at Ellis Island for deportation on a charge of having stolen moneys abroad; but, as the pleadings stand, that is really the chief, if not the only, issue in the case, and I do not think that it was clearly apprehended by counsel nor adequately presented to the learned court below. In other words, the record discloses that the trial proceeded either upon an incorrect theory, or upon two theories which were not clearly distinguished; the result being that, in my mind, there has not been a fair trial, due solely to misapprehension, and that the case should, in the interest of justice, be tried anew. As these considerations have now been developed upon an informal rehearing granted by this court, I advise that the judgment be reversed, and a new trial granted, without costs to either party as against the other.

Judgment reversed, and a new trial granted, without costs to either party as against the other. All concur.